# United States District Court
## Western District of Washington

| | |
|---|---|
| ANDREA SEBERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>　　　　Defendant. | Case No. 2:21-cv-1009-RSM<br><br>**Plaintiff's Brief in Opposition to *De Coster* Plaintiffs' Motion for Consolidation**<br><br>Noted for Motion Calendar:<br>August 20, 2021 |

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**Table of Contents**

| | | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Background | 2 |
| | A. MFN Plaintiffs' class-action complaint in *De Coster* challenges Amazon's fair-pricing policy and use of most-favored-nations clauses. | 2 |
| | B. This Court set a leadership structure for the consolidated *De Coster* action. | 4 |
| | C. Tying Plaintiffs' class actions challenge Amazon's unlawful tying scheme. | 4 |
| | D. MFN Plaintiffs rejected Tying Plaintiffs' consolidation proposal. | 5 |
| III. | Legal Standard | 6 |
| IV. | Argument | 7 |
| | A. MFN Plaintiffs' motion should be denied because the prejudice to Tying Plaintiffs and class members outweighs the benefits of the consolidation sought. | 7 |
| | B. Regardless of how this Court's leadership order in *De Coster* is read, a present conflict of interest precludes MFN Plaintiffs from pursuing the tying claims under the *De Coster* leadership structure. | 10 |
| V. | Conclusion | 12 |

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Amazon is a colossus that has altered the landscape of retail and distribution markets. During the company's rapid growth, its numerous and diverse business practices have affected many different classes of consumers and entities. This dispute over consolidation highlights the diffuse nature of Amazon's business practices and why challenging those practices through a one-size-fits-all approach—as movants advocate here—is unworkable.

*De Coster* is an antitrust class action against Amazon that seeks to recover damages resulting from price-fixing agreements between Amazon and its 2.3 million third-party sellers ("Sellers"). As the *De Coster* plaintiffs represented to this Court, "the precise issue underlying [their] cases [is] Amazon's MFN [most-favored-nations] clause."[1] In contrast, the injury the *Hogan* and *Seberson* class actions seek to redress stems from overcharges caused by Amazon's unlawful tying scheme—namely, the company's tying a Seller's access to the "Buy Box" to the Seller's purchasing Amazon's Fulfillment services.

The plaintiffs in *De Coster* (collectively "MFN Plaintiffs") seek to consolidate the actions brought by the *Hogan* and *Seberson* plaintiffs (collectively "Tying Plaintiffs"). But the key facts and legal theories in Tying Plaintiffs' cases are distinct from those in MFN Plaintiffs' case. Because of these substantive differences, Tying Plaintiffs proposed to MFN Plaintiffs that the cases be consolidated only for the limited purpose of coordinating logistics—such as, for example, case schedules and overlapping discovery. MFN Plaintiffs rejected this proposal and moved to consolidate for all purposes.

MFN Plaintiffs' motion should be denied because granting it would severely prejudice Tying Plaintiffs and class members. MFN Plaintiffs make clear that, if the Court

---

[1] Mot. for Appointment of Interim Co-Lead Class Counsel and Pls.' Executive Committee, *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-693-RSM (June 30, 2021), ECF No. 18, at 12.

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 1 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

consolidates these actions as they request, they will (1) drop Tying Plaintiffs' stand-alone tying claims and (2) at most *maybe* decide at some unspecified future date to seek to amend the *De Coster* complaint to revive the tying claims. Leaving the tying claims in the hands of MFN Plaintiffs would therefore risk forfeiture of the claims—and the loss of billions of dollars of damages for consumers.

MFN Plaintiffs also maintain that this Court's order setting a leadership structure in *De Coster* gives them the right to take control over any and all *future* consumer antitrust cases against Amazon. There is no suggestion in the Court's order that MFN Plaintiffs were granted control over separate and distinct yet-to-be-filed antitrust actions against Amazon. But regardless of how the leadership order is understood, MFN Plaintiffs cannot pursue the tying claims under the current leadership structure because their theory of damages clashes with Tying Plaintiffs' damages theory. This clash creates a conflict of interest that precludes MFN Plaintiffs' counsel from representing Tying Plaintiffs.

Accordingly, Tying Plaintiffs respectfully request that this Court deny MFN Plaintiffs' motion and enter the order proposed by Tying Plaintiffs, attached as Exhibit 1 to this brief. Tying Plaintiffs' proposed order would (1) grant Tying Plaintiffs leave to file a consolidated amended complaint raising only the tying claim that is common to the *Hogan* and *Seberson* actions; and (2) consolidate the *Hogan* and *Seberson* actions with *De Coster* for the limited purpose of coordinating discovery. This would garner the efficiencies of coordination while preserving the rights of all parties and avoiding conflicts of interest.

## II. BACKGROUND

**A.      MFN Plaintiffs' class-action complaint in *De Coster* challenges Amazon's fair-pricing policy and use of most-favored-nations clauses.**

On May 26, 2021, MFN Plaintiffs filed two actions: *De Coster v. Amazon.com, Inc.*, 2:21-cv-693 (W.D. Wash.), and *West v. Amazon.com, Inc.*, 2:21-cv-698 (W.D. Wash.). MFN

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 2 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiffs then moved to consolidate, representing to this Court that the two actions challenged the same anticompetitive conduct: Amazon's "requir[ing] third-party sellers on 'Amazon's platform' . . . to agree to restrain competition with 'online retail platforms' that compete with Amazon, as a result of which prices on all 'platforms' were supracompetitive and Plaintiffs were overcharged for purchases on 'Amazon's platform.'"[2] MFN Plaintiffs' consolidated amended complaint likewise makes clear that the wrongful conduct that is the basis for their action is Amazon's fair-pricing policy and use of most-favored-nations clauses:

> [Amazon] and its 2.3 million third-party merchants unlawfully agreed under Amazon's MFN policy that third-party merchants will not list their goods on other online platforms at prices that are lower than their list prices on Amazon's marketplace. These unlawful agreements have unreasonably restrained price competition among retailers for online sales of consumer goods and had the effect of establishing a price floor for goods listed on Amazon's marketplace.[3]

---

[2] Stipulated Mot. and [Proposed] Order for Consolidation, Filing of Consolidated Am. Compl., and Schedule for Answer or Mot. to Dismiss, *De Coster*, No. 2:21-cv-693-RSM, ECF No. 14, at ¶ 2; *see also* Class Action Compl., *De Coster*, No. 2:21-cv-693, ECF No. 1, at ¶ 139 (describing Section 1 claim as based on "series of agreements with third-party sellers . . . concerning the price they were allowed to sell their products"); *see also id.* at ¶¶ 152, 159 (describing Section 2 claims as based on Amazon's price-parity and fair-pricing provisions); *see* Class Action Compl., *West*, No. 2:21-cv-694-RSM, ECF No. 1, at ¶ 108 ("Defendant entered into a horizontal agreement with its two million third-party merchants . . . concerning the price they were allowed to sell their products . . . ."); *id.* at ¶¶ 114–15, 131 (describing Section 2 claims as based on most-favored-nations agreements and fair-pricing policy).

[3] Consolidated Am. Compl., *De Coster*, No. 2:21-cv-693 [hereinafter *De Coster* Consolidated Am. Compl.], ECF No. 20, at ¶ 156; *see also id.* at ¶¶ 164–65, 176 (describing Section 2 claims as based on Amazon's most-favored-nations agreements and fair-pricing policy).

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 3 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The proposed class in *De Coster* consists of "[a]ll persons who on or after May 26, 2017, purchased one or more goods on Amazon's marketplace."[4]

### B. This Court set a leadership structure for the consolidated *De Coster* action.

After this Court consolidated *De Coster* and *West*, counsel for MFN Plaintiffs moved to be appointed interim co-lead class counsel and members of the executive committee.[5] MFN Plaintiffs once again made clear that "the precise issue underlying [their] cases [is] Amazon's MFN clause,"[6] and their counsel sought leadership over only the consolidated *De Coster* action.[7] Accordingly, this Court's leadership order refers to "antitrust cases" only once, for the purpose of describing the *De Coster* and *West* actions.[8] The leadership order says nothing about subsuming future cases, let alone cases that—like those of Tying Plaintiffs—involve different facts, different legal claims and theories, and different classes.

### C. Tying Plaintiffs' class actions challenge Amazon's unlawful tying scheme.

Tying Plaintiffs in *Hogan* and *Seberson* filed their complaints on July 26 and 28, respectively.[9] The antitrust injury they seek to redress stems not from Amazon's use of

---

[4] *Id.* at ¶ 141.

[5] Mot. for Appointment of Interim Co-Lead Class Counsel and Pls.' Executive Committee, *De Coster*, No. 2:21-cv-693, ECF No. 18.

[6] *Id.* at 12; *see also id.* at 3 ("Hagens Berman, Keller Lenkner, Quinn Emanuel, and Keller Rohrback have each already expended significant resources to investigate and to pursue *antitrust claims arising out of Amazon's MFN clause*." (emphasis added)).

[7] *Id.* at 1 ("Plaintiffs propose a leadership structure for these proposed class actions [*De Coster* and *West*], which they have agreed to consolidate.").

[8] Order Granting Mot. for Appointment of Interim Co-Lead Class Counsel and Pls.' Executive Committee, *De Coster*, No. 2:21-cv-693, ECF No. 19.

[9] *See* Class Action Compl., *Hogan v. Amazon.com, Inc.*, No. 2:21-cv-996 (W.D. Wash. July 26, 2021) [hereinafter *Hogan* Compl.], ECF No. 1; Class Action Compl., *Seberson v. Amazon.com, Inc.*, No. 2:21-cv-1009 (W.D. Wash. July 28, 2021) [hereinafter *Seberson* Compl.], ECF No. 1.

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 4 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

most-favored-nations agreements, but from Amazon's unlawful tying scheme—namely, the company's tying the placement of a Seller's offer in the "Buy Box" to the Seller's purchasing Amazon's Fulfillment services.[10] The factual basis for Tying Plaintiffs' claims under Sections 1 and 2 of the Sherman Act is not unlawful agreements *between* Amazon and Sellers, but Amazon's imposition of an unlawful tying arrangement *on* Sellers.

Both the *Hogan* and *Seberson* complaints define the proposed class as all persons in the United States who, between January 1, 2013 and the present, "purchased an item . . . through Amazon's Buy Box, and the order was then shipped (or 'fulfilled') by Amazon."[11] The alleged class period is twice as long as the class period alleged in *De Coster*.

**D. MFN Plaintiffs rejected Tying Plaintiffs' consolidation proposal.**

On August 2, MFN Plaintiffs emailed Tying Plaintiffs regarding the possibility of consolidation.[12] Tying Plaintiffs offered (1) to consolidate *Hogan* and *Seberson* with *De Coster* for the purpose of coordinating discovery and other tasks that would foster efficiency and avoid the duplication of labor and expense, and (2) to drop their Section 2 monopolization claim to "eliminate the potential for inconsistent rulings [between *De Coster* and *Hogan*/*Seberson*] on the monopolization relevant market element."[13]

MFN Plaintiffs rejected Tying Plaintiffs' consolidation proposal. MFN Plaintiffs acknowledged that—unlike *De Coster*—the *Hogan* and *Seberson* actions raise a "stand-alone

---

[10] *Hogan* Compl., at ¶ 23 ("Amazon's forcing Sellers into purchasing its Fulfillment services constitutes an unlawful 'tying arrangement.'"); *see also id.* at ¶¶ 23–41, 173–91 (describing Amazon's unlawful tying scheme, which resulted in billions of dollars in overcharges to consumers)

[11] *Id.* at ¶¶ 150–52; *Seberson* Compl., at ¶¶ 150–52.

[12] Ex. 2, Email from Zina Bash to Tying Plaintiffs' Counsel (Aug. 2, 2021).

[13] Ex. 3, Email from Justin Boley to Zina Bash (Aug. 5, 2021).

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 5 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

tying count."[14] Notwithstanding this acknowledgment, MFN Plaintiffs moved to consolidate in a way that would eliminate Tying Plaintiffs' claims.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42 authorizes two types of consolidation: (1) "when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered," and (2) "when several actions are tried together, but each suit retains its separate character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (citation omitted). "[T]he majority of courts have held that consolidated actions retain their separate character." *Id.* The traditional rule is that consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Westport Inv., Ltd. Liab. Co. v. Kemper Sports Mgmt.*, No. C07-5417BHS, 2007 U.S. Dist. LEXIS 90256, at *7 (W.D. Wash. Nov. 28, 2007) (citation and internal quotation marks omitted). Judges in this district have recognized that there should be a reason for deviating from this traditional rule. *See id.* (finding "[d]eviation from the traditional rule . . . proper" where "the complaints of the two actions [were] very similar, and [all] parties appear[ed] to favor merger").

"The party moving for consolidation bears the burden of demonstrating that consolidation is appropriate, including showing the benefits outweigh any prejudice caused to the opponent of consolidation." *Dodaro v. Standard Pac. Corp.*, No. EDCV 09-1666-VAP (OPx), 2009 U.S. Dist. LEXIS 136377, at *7 (C.D. Cal. Nov. 16, 2009). "In exercising its broad discretion to consolidate actions, the district court must weigh the saving of time and effort that would be produced by consolidation against any inconvenience, delay, or expense that it

---

[14] Ex. 4, Email from Zina Bash to Justin Boley (Aug. 5, 2021).

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 6 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

would cause." *Id.* (citation and internal quotation marks omitted). "The existence of common issues, while a prerequisite to consolidation, does not compel consolidation." *Id.*

### IV. ARGUMENT

**A. MFN Plaintiffs' motion should be denied because the prejudice to Tying Plaintiffs and class members outweighs the benefits of the consolidation sought.**

Although MFN Plaintiffs nominally request consolidation, they actually seek to dismiss Tying Plaintiffs' claims, despite the claims being separate and distinct from those raised by MFN Plaintiffs. MFN Plaintiffs make clear that, if the Court grants their motion, they will leave the complaint in *De Coster* as is and will only *maybe* decide on some unspecified future date to seek to amend it to raise the tying claims or "claim a longer Class period."[15] This plan prejudices Tying Plaintiffs by risking forfeiture of the tying claims, as "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *S.F. Herring Ass'n v. United States DOI*, 946 F.3d 564, 582 (9th Cir. 2019) (internal citation and quotation marks omitted). MFN Plaintiffs offer no support for the assertion that they can jettison Tying Plaintiffs' claims and longer class period and then, at some point in the future, "simply and easily" amend to "incorporate all [of Tying Plaintiffs'] allegations."[16]

MFN Plaintiffs' apparent desire to abandon Tying Plaintiffs' tying claims seems surprising given Tying Plaintiffs' well-supported allegation that Amazon's tying scheme caused consumers to be overcharged "by approximately $5 billion in 2020 alone."[17] But MFN Plaintiffs' aversion to Tying Plaintiffs' distinct claims must be understood in the context of MFN Plaintiffs' desire to focus on the broad (and separate) cases that they already

---

[15] Mot. to Consolidate, at 5.
[16] *Id.*
[17] *Hogan* Compl., at ¶ 37.

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 7 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

control. Combined, MFN Plaintiffs' cases[18] already seek tens of billions of dollars in damages and encompass a wide swath of claims and misconduct involving sales not only on Amazon.com but "through any other retail ecommerce channel."[19] That fact alone differentiates the two cases, as Tying Plaintiffs' claims are limited to the Amazon channel.

MFN Plaintiffs' intention to focus solely on their MFN claims is understandable—after all, that is the "precise issue" underlying their case. But it means that they cannot "fairly and adequately represent the interests" of the class that Tying Plaintiffs seek to represent.[20] MFN Plaintiffs do not cite a single case in which consolidation was permitted under Rule 42 where, as here, it would result in the abandonment of a claim worth billions of dollars.

MFN Plaintiffs also contend that, because Tying Plaintiffs' complaints "seek antitrust overcharge damages" for purchases made on the Amazon website, "there is a potential—absent consolidation—for Amazon to be subject to duplicative judgments."[21]

MFN Plaintiffs' contention is incorrect. As the Supreme Court made clear in *Comcast Corp. v. Behrend*, plaintiffs and class members here are "entitled only to damages resulting from . . . [the] theory of antitrust impact accepted for class-action treatment by the District Court." 569 U.S. 27, 35 (2013). Because Tying Plaintiffs' theories of antitrust impact are

---

[18] MFN Plaintiffs' counsel also represent the plaintiffs in *Frame-Wilson*, a class action raising antitrust claims based on Amazon's MFN clauses on behalf of consumers who made purchases from Amazon's online retail competitors. MFN Plaintiffs have suggested that they will consolidate *Frame-Wilson* with *De Coster* once the pending motion to dismiss in *Frame-Wilson* is resolved. Stipulated Mot. and [Proposed] Order for Consolidation, Filing of Consolidated Am. Compl., and Schedule for Answer or Mot. to Dismiss, *De Coster*, No. 2:21-cv-693-RSM, ECF No. 14, at ¶ 3.

[19] First Am. Class Action Compl., *Frame-Wilson v. Amazon.com, Inc.*, No. 20-cv-424-RAJ (W.D. Wash. Aug. 3, 2020), ECF No. 15, at ¶ 157.

[20] Fed. R. Civ. P. 23(g)(4).

[21] Mot. to Consolidate, at 5.

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 8 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

distinct from MFN Plaintiffs', there is no risk of duplicative recovery. MFN Plaintiffs seek to recover overcharges that would not have occurred but for Amazon's fair-pricing policy or most-favored-nations agreements.[22] Tying Plaintiffs seek to recover overcharges that would not have occurred but for Amazon's tying Sellers' access to the Buy Box to their purchase of Amazon's logistics services.[23] MFN Plaintiffs provide no support for the proposition that the damages sought by MFN Plaintiffs and Tying Plaintiffs—resulting from different conduct and violations of the antitrust laws—overlap in a way that precludes modeling the damages attributable to each, consistent with *Comcast*.

MFN Plaintiffs further argue that the presence of different legal theories is "not significant for purposes of consolidation when the actions still arise from a common factual core."[24] This argument is misplaced for two reasons. First, Rule 42 does not disregard the difference between legal theories and claims but instead requires the moving party to demonstrate that the benefits of consolidation "outweigh any prejudice caused to the opponent of consolidation." *Dodaro*, 2009 U.S. Dist. LEXIS 136377, at *7. MFN Plaintiffs have not done so. Second, MFN Plaintiffs' claims and legal theories do not arise from the same "factual core" as Tying Plaintiffs'. MFN Plaintiffs' claims and theories arise from millions of horizontal price-fixing agreements between Amazon and Sellers; Tying Plaintiffs' claims and theories arise from Amazon's coercing Sellers to purchase its Fulfillment services by tying such purchases to favorable product placement on Amazon.com.

---

[22] *See, e.g.*, *De Coster* Compl., at ¶ 23 ("*But for Amazon's MFN policies*, third-party merchants would list their goods at lower prices on other platforms that charged lower (or no) fees and—facing price competition from third-party merchants—Amazon would also have to lower prices for its own goods to compete with the lower-priced, third-party-merchant goods." (emphasis added)).

[23] *See Hogan* Compl., at ¶¶ 27–32 (describing four theories of antitrust impact).

[24] Mot. to Consolidate, at 5 (citation and internal quotation marks omitted).

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 9 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

In sum, granting MFN Plaintiffs' motion for consolidation would prejudice Tying Plaintiffs and class members. In contrast, Tying Plaintiffs' limited consolidation proposal achieves the efficiencies of consolidation while preserving the rights of all parties.[25]

**B.      Regardless of how this Court's leadership order in *De Coster* is read, a present conflict of interest precludes MFN Plaintiffs from pursuing the tying claims under the *De Coster* leadership structure.**

MFN Plaintiffs maintain that their counsel should be handed control of Tying Plaintiffs' actions because, they assert, this Court's leadership order in *De Coster* "subsumes" *all* antitrust cases brought by consumers against Amazon.[26]

This argument fails because, regardless of how the *De Coster* order is read, MFN Plaintiffs' counsel are barred by a present conflict from representing Tying Plaintiffs under *De Coster*'s leadership structure. Washington Rule of Professional Conduct 1.7, which applies to attorneys practicing in this district,[27] provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest"—namely, if "the representation of one client will be directly adverse to another client" or "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client."[28]

Here, the discord between MFN and Tying Plaintiffs' theories of damages creates a present conflict of interest.[29] Tying Plaintiffs' damages theory relies in part on showing that

---

[25] *See* Ex. 1, Proposed Order.
[26] Mot. to Consolidate, at 6.
[27] W.D. Wash. LCR 83.3(a)(2).
[28] Wash. RPC 1.7.
[29] Hagens Berman Sobol Shapiro LLP, one of the two firms appointed as interim co-lead counsel for MFN Plaintiffs, has made this precise argument in other cases. *See, e.g.*, Ex. 5, Renewed Mot. to

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 10 –

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Amazon shoppers are so loyal that they are reluctant to shop at other online retailers even if offered lower prices.[30] This directly conflicts with MFN Plaintiffs' allegations regarding their damages theory: that but for Amazon's MFN policies, Amazon customers would have flocked to competing online retailers that offered lower prices, thereby driving down prices on Amazon and other online platforms.[31]

Because MFN Plaintiffs and Tying Plaintiffs have incompatible damages theories, there is a conflict of interest, and counsel for MFN Plaintiffs are barred from representing Tying Plaintiffs by both Rule 1.7 and Federal Rule of Civil Procedure 23(g).[32] *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 233 (2d Cir. 2016) (vacating class certification and reversing approval of $7.25 billion settlement on ground that one of two certified classes was "inadequately represented" due to class counsel's conflict of interest, and explaining that "when 'the potential for gigantic fees' is within counsel's grasp for representation of one group of plaintiffs, but only if counsel resolves

---

Appoint Separate Interim Class Counsel for Indirect Purchaser Consumers, *In re Broiler Chicken Antitrust Litig.*, No. 1:16 cv 8637 (Nov. 30, 2016), ECF No. 218, at 8, 15 (describing different theories of damages between two classes as "a present conflict of interest at the pleading and discovery stage" and contending that "separate counsel should be appointed" for the two classes to avoid the conflict).

[30] *See, e.g.*, *Hogan* Compl., at ¶ 132 ("Because Prime member purchasers are relatively insensitive to price increases, Sellers can and do pass on the cost of Amazon's Fulfillment services instead of, for example, absorbing the increased costs through lower profit margins.").

[31] *De Coster* Consolidated Am. Compl., at ¶ 101 ("Without its MFN policies, Amazon would have had to offer lower fees and lower prices for its own goods to compete with the lower-priced third-party-merchant goods."); *see also id.* at ¶¶ 27, 102.

[32] Another potential conflict of interest stems from MFN Plaintiffs' allegations that Sellers are co-conspirators to millions of horizontal price-fixing agreements. *See, e.g.*, *De Coster* Consolidated Am. Compl., at ¶ 156. In contrast, Tying Plaintiffs allege that Sellers are *victims* of Amazon's tying misconduct. *See, e.g.*, *Hogan* Compl., at ¶ 141. This difference, among others, would present difficulties if the actions were consolidated as MFN Plaintiffs request.

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 11 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

another group of plaintiffs' claims, a court cannot assume class counsel adequately represented the latter group's interests" (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999)).

Finally, MFN Plaintiffs' reading of the *De Coster* leadership order as subsuming all antitrust cases brought by consumers again Amazon is unconvincing. When seeking leadership in *De Coster*, MFN Plaintiffs stated that "the precise issue underlying [their] cases [is] Amazon's MFN clause."[33] The leadership motion is limited in scope; it does not mention future consumer antitrust cases against Amazon. Similarly, this Court's leadership order refers to "antitrust cases" only once, to describe the consolidated *De Coster* and *West* actions.[34] There is nothing in the leadership motion or this Court's order to support MFN Plaintiffs' assertion that the *De Coster* leadership structure applies to *all future* antitrust class actions stemming from any and all anticompetitive conduct by Amazon, whether or not that conduct is the basis for a legal claim—or is even alleged—in the *De Coster* complaint. In short, the Court's order did not grant MFN Plaintiffs' counsel a monopoly over consumers' antitrust claims against Amazon, as MFN Plaintiffs assert.

## V. CONCLUSION

For the foregoing reasons, Tying Plaintiffs Angela Hogan and Andrea Seberson respectfully requests that this Court deny MFN Plaintiffs' motion and enter Tying Plaintiffs' proposed consolidation order, which is attached as Exhibit 1.

---

[33] Mot. for Appointment of Interim Co-Lead Class Counsel and Pls.' Executive Committee, *De Coster*, No. 2:21-cv-693, ECF No. 18, at 12.

[34] *See* Order Granting Mot. for Appointment of Interim Co-Lead Class Counsel and Pls.' Executive Committee, *De Coster*, No. 2:21-cv-693, ECF No. 19.

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 12 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 16th day of August 2021.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By: /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiffs Angela Hogan and Andrea Seberson, and Their Proposed Classes*

Kenneth A. Wexler, *Pro Hac Vice*
Email: kaw@wexlerwallace.com
Justin N. Boley, *Pro Hac Vice*
Email: jnb@wexlerwallace.com
Zoran Tasić, *Pro Hac Vice*
Email: zt@wexlerwallace.com
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346 2222
Facsimile: (312) 346 0022

*Attorneys for Plaintiff Angela Hogan and Her Proposed Class*

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 13 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Daniel E. Gustafson, *Pro Hac Vice forthcoming*
Email: dgustafson@gustafsongluek.com
Daniel C. Hedlund, *Pro Hac Vice forthcoming*
Email: dhedlund@gustafsongluek.com
Michelle J. Looby, *Pro Hac Vice forthcoming*
Email: mlooby@gustafsongluek.com
Daniel J. Nordin, *Pro Hac Vice forthcoming*
Email: dnordin@gustafsongluek.com
Mickey L. Stevens, *Pro Hac Vice forthcoming*
Email: mstevens@gustafsongluek.com
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622

Brett Cebulash, *Pro Hac Vice forthcoming*
Email: bcebulash@tcllaw.com
Kevin Landau, *Pro Hac Vice forthcoming*
Email: klandau@tcllaw.com
Evan Rosin, *Pro Hac Vice forthcoming*
Email: erosin@tcllaw.com
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: (212) 931-0704
Fax: (212) 931-0703

*Attorneys for Plaintiff Andrea Seberson
and Her Proposed Class*

BRIEF OPPOSING MOTION
TO CONSOLIDATE
Case No. 2:21-cv-1009-RSM

– 14 –

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com